FILED

2015 Nov-30  PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| ALICIA STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-01486-JEO |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Alicia Stone brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. (Doc. 20). *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

due to be affirmed.

# I.  PROCEDURAL HISTORY

On March 5, 2011, Stone filed an application for a period of disability and disability insurance benefits, alleging disability beginning October 23, 2009.  (R. 113-14, 131).[2]  Her application was denied by the State Agency.  (R. 64-65).  She then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 5, 2012.  (R. 33-55).  Stone, her counsel, and a vocational expert ("VE") attended the hearing.  (R. 33).  The ALJ issued a decision on October 26, 2012, finding that Stone was not entitled to benefits.  (R. 16-28).

Stone requested the Appeals Council to review the ALJ's decision and submitted additional evidence regarding her alleged disability.  (R. 12, 172-89, 404-34).  The Appeals Council denied Stone's request for review on May 27, 2014.  (R. 1-6).  On that date, the ALJ's decision became the final decision of the Commissioner.  Stone then filed this action for judicial review under 42 U.S.C. § 405(g).  (Doc. 1).

# II.  STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly

---

[2]References herein to "R. __" are to the page number of the administrative record, which is encompassed within Docs. 7-1 through 7-9.

circumscribed.  The function of the court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*  It is "more than a scintilla, but less than a preponderance."  *Id.*

The court must uphold factual findings that are supported by substantial evidence.  However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993).  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits under the Social Security Act, a claimant

3

must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Social Security Act requires a five step analysis.  20 C.F.R. § 404.1520(a).  Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform [her] past relevant work, in light of [her] residual functional capacity; and (5) can make an adjustment to other work, in light of [her] residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014) (citing 20 C.F.R. § 404.1520(a)(4)).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a

determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*; *Evans*, 551 F. App'x at 524.

## IV.  FINDINGS OF THE ALJ

Stone was 30 years old on her alleged onset date and 33 years old at the time of her hearing before the ALJ. (R. 36, 113). She completed the eighth grade and has past relevant work experience as a certified nursing assistant, restaurant shift manager, and fast food worker. (R. 26, 124). She alleged in her disability report that she had been unable to work since October 23, 2009, due to an irregular heart rate, asthma, tuberculosis (not active), rheumatoid arthritis, anxiety, depression, muscle spasms, disc herniation, and short/long term memory loss. (R. 113, 123). At the hearing, she testified that she also suffered from seizures. (R. 39-40).

The ALJ found that Stone had the severe impairments of lumbar degenerative joint disease or, alternatively, lumbar degenerative disc disease. (R. 21). He further found that there was no medical evidence to support a diagnosis of

5

seizure disorder or rheumatoid arthritis.  (R. 21-22).  He observed that Stone did have a diagnosis of asthma, but found that it was well controlled and not severe. (R. 21).  He found that Stone had the medically determinable mental impairments of anxiety and depression, but determined that they did not cause more than minimal limitation in her ability to perform basic mental work activities and were not severe.  (R. 22).   He also determined that Stone did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the Listings.[3]  (R. 22-23).

The ALJ then found that Stone had the residual functional capacity[4] ("RFC") to perform light work[5] with additional postural and environmental limitations, including no more than occasional exposure to extreme cold and heat. (R. 23).  Premised on the testimony of the VE, the ALJ determined that Stone could not perform her past relevant work due to the lifting and environmental limitations he had imposed.  (R. 26, 50-51).  However, again premised on the testimony of the VE, the ALJ further determined that there are other jobs in the

[3]The Listings are located at 20 C.F.R. pt. 404, subpt. P, app. 1.

[4]Residual functioning capacity is the most a claimant can do despite her impairment(s). *See* 20 C.F.R. §404.1545(a)(1).

[5]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds ... [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).

national economy that Stone is capable of performing, including small parts assembler, cashier II, and toll collector. (R. 26-27, 51-52).  The ALJ thus concluded that Stone was not disabled.   (R. 27).

## V.  THE APPEALS COUNCIL'S DENIAL OF REVIEW

The Appeals Council denied Stone's request for review of the ALJ's decision.  (R. 1-6).  In its written denial, the Appeals Council stated that it "considered" the following additional records submitted by Stone: education records from Geraldine Public Schools dated January 1, 1986, through December 31, 1994, and medical records from Holistic Pain Management dated October 22, 2012, through September 23, 2013.[6]  (R. 2).  The Appeals Council determined that "this new information does not provide a basis for changing the Administrative Law Judge's decision."  (*Id.*)  The Appeals Council made the education records and the Holistic Pain Management records part of the administrative record.  (R. 6).

The Appeals Council also stated that it "looked" at medical records from CED Mental Health Center dated December 14, 2012, through April 19, 2013.  (R. 2).  The Appeals Council noted that those records were dated after the date of the

---

[6]The evidence before the ALJ included earlier Holistic Pain Management records, covering the period from August 21, 2008, through September 24, 2012.  (R. 266-329, 347-59, 382-401).

7

ALJ's decision (October 26, 2012) and therefore did not affect the decision. (*Id.*) The Appeals Council did not make the CED records part of the administrative record. (R. 6).

## VI.  DISCUSSION

In her Memorandum in Support of Disability, Stone does not challenge the ALJ's factual findings or the legal standards he employed in making his findings, nor does she argue that the ALJ's decision as such is not supported by substantial evidence. Instead, she challenges the Appeals Council's treatment of her new evidence. She argues that the Appeals Council failed to "acknowledge or consider" her new evidence and that the ALJ's decision is not supported by substantial evidence when her new evidence is considered. (Doc. 12 at 8-16). The Commissioner responds that Stone has failed to show any error in the Appeals Council's consideration of her new evidence, that Stone has waived her right to seek a remand based on the evidence that the Appeals Council excluded from the administrative record, and that her new evidence would not, in any event, warrant a remand. (Doc. 15 at 8-13).

**A.      The Appeals Council Adequately Considered Stone's New Evidence**

**1.      The Additional Holistic Pain Management Records**

The Appeals Council must consider "new, material, and chronologically

8

relevant evidence" submitted by a claimant.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  New evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted).  It is chronologically relevant if it "relates to the period on or before the date of the Administrative Law Judge hearing decision."  20 C.F.R. § 404.970(b).  If these conditions are satisfied, the Appeals Council must review the case to determine whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence." *Id.*

As noted, the new evidence Stone submitted to the Appeals Council included records from Holistic Pain Management dated October 22, 2012, through September 23, 2013.  Citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980), Stone argues in her memorandum that "[w]hen a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." (Doc. 12 at 13).  She acknowledges that "[t]he recent decision of *Mitchell v. Commissioner*, 771 F.3d 780, 782 (11th Cir. 2014) clarifies *Epps* by holding that the Appeals Council need not provide a 'detailed rationale and detailed discussion' of each piece of evidence," but argues that "*Mitchell* does not relieve the Appeals Council

of providing some discussion or some rationale for refusing to review the decision" and that "[i]n this case the Appeals Council plainly failed to review [her] new evidence." (Doc. 12 at 15) (emphasis omitted).

The very argument Stone is making here has been consistentlyly rejected by the Eleventh Circuit. For instance, in *Atha v. Commissioner, Social Sec. Admin.*, 616 F. App'x 931, 935 (11th Cir. 2015), the claimant (Atha) cited *Epps* and argued that the Appeals Council was required "to show in its written denial [of the request for review] that it has adequately evaluated the new evidence." (internal quotation marks omitted). The Eleventh Circuit rejected the claimant's argument:

> In *Mitchell v. Commissioner, Social Security Administration*, this Court recently concluded that the Appeals Council is not required to provide a detailed explanation of a claimant's new evidence when it denies a petition for review. *Mitchell*, 771 F.3d 780, 783–85 (11th Cir. 2014). As in Atha's case, the Appeals Council in *Mitchell* denied review, stating simply that it had considered the additional evidence but "the information did not provide a basis for changing the ALJ's decision." *See id.* at 782. This Court determined that the Appeals Council's explanation was sufficient, emphasizing that the record did not provide a "basis for doubting the Appeals Council's statement that it considered *Mitchell's* additional evidence." *Id.* at 783–84. Moreover, we have clarified that *Mitchell's* holding is not limited "to situations where the new evidence was 'cumulative' or 'not chronologically relevant.' " *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 853 (11th Cir. 2015).
>
> Thus, under *Mitchell*, the Appeals Council was not required to discuss any further Atha's new evidence or provide a more detailed explanation of its reasons for denying review. Atha's reliance on *Epps* is misplaced. As we explained in *Mitchell*, *Epps* involved an

10

> Appeals Council's affirming the ALJ's decision, and thus *Epps* does
> not apply when, as here, the Appeals Council denies a petition for
> review.  *Mitchell*, 771 F.3d at 783; *see also Parks*, 783 F.3d at 853.

*Atha,* 616 F. App'x at 935-36.  *See also Norton v. Comm'r of Soc. Sec.*, 607 F. App'x 913, 917 (11th Cir. 2015) ("The Appeals Council is not required to provide a detailed explanation of the claimant's new evidence when denying a request for review."); *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 819 (11th Cir. 2015) ("Our case law makes clear that the [Appeals Council] did not need to explain its reasons for denying a request for review when the claimant puts forth new evidence.").

Here, the Appeals Council stated in its denial of review that it "considered" the additional Holistic Pain Management records submitted by Stone, and nothing in the record suggests that it did not do so.  The Appeals Council found that the records "[did] not provide a basis for changing the Administrative Law Judge's decision."  (R. 2).  Under settled Eleventh Circuit precedent, no further discussion of this new evidence was required.[7]

## 2.    The CED Mental Health Center Records

Stone's new evidence also included records from CED Mental Health

---

[7]The Appeals Council also considered Stone's education records from Geraldine Public Schools and likewise found that those records did not provide a basis for changing the ALJ's decision.  (R. 2).  Stone does not challenge this aspect of the Appeals Council's denial of review.

Center.  As noted above, the Appeals Council "looked at" this evidence but did

not include it in the administrative record, noting that the ALJ's decision was

dated October 26, 2012, and that the CED records were "about a later time."  (R.

2).  The Appeals Council thus determined that the records "[did] not affect the

decision about whether [Stone was] disabled beginning on or before October 26,

2012."  (*Id.*)  Stone challenges the Appeals Council's failure to review the CED

records, and appears to be arguing that the case should be remanded for

consideration of those records.  (*See* Doc. 17).

   "If new and material evidence is submitted, the Appeals Council shall

consider the additional evidence only where it relates to the period on or before

the date of the administrative law judge hearing decision."  20 C.F.R. §

404.970(b).  If a claimant submits evidence to the Appeals Council "which does

not relate to the period on or before the date of the administrative law judge

hearing decision, the Appeals Council will return the additional evidence ... with

an explanation as to why it did not accept the additional evidence and will advise

[the claimant] of [her] right to file a new application."  20 C.F.R. § 404.976(b)(1).

That is what the Appeals Council did here.  The Appeals Council looked at the

CED records, observed that the records were all dated after the date of the ALJ's

hearing decision, and advised Stone that the records did not affect the ALJ's

decision but that she could file a new application and use the records in her new claim.[8]  (R. 2).  There was no error in the Appeals Council's treatment of the CED records.

**B.     The CED Mental Health Records are not Part of the Record**

When a claimant seeks review of the Commissioner's decision, "[the] reviewing court is limited to the [certified] record in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985); *see* 42 U.S.C. § 405(g) ("The court shall have the power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." (emphasis supplied)).  Here, the CED Mental Health records are not part of the record certified by the Commissioner and are not before the court.  Stone has summarized the CED records in her memorandum (doc. 12 at 9-10), but the CED records themselves are not part of the certified record and Stone has not moved to supplement the record or otherwise made the records available to the court.  The court cannot enter a judgment, with or without a remand, based on evidence that is not before it.

---

[8]The Appeals Council did not return hard copies of the records to Stone, but advised her that the records were available in her "electronic file" and that she could obtain hard copies if she needed them.  (R. 2)

If Stone believed that the case should be remanded to the Commissioner for consideration of the CED records, she could have submitted the evidence to the court and sought a remand under "sentence six" of 42 U.S. C. § 405(g). Sentence six provides that a court "may ... at any time order additional evidence to be taken before the Commissioner ... but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "A remand to the Commissioner is proper under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court." *Ingram*, 496 F.3d at 1267. Stone, however, has not moved for a sentence six remand, has not argued that the criteria for a sentence six remand exist, and (most importantly) has not submitted the CED records to the court for its review. Consequently, Stone has waived any right she might otherwise have had to seek a sentence six remand.

## C.   Substantial Evidence Supports the ALJ's Decision Even Stone's New Evidence is Considered

Stone's other, related argument is that the ALJ's decision "[is] not based on substantial evidence when [her] submissions to the Appeals Council are considered." (Doc. 12 at 17). The court emphasizes, again, that Stone does not argue that the ALJ's decision, standing on its own, is not supported by substantial

evidence, nor does she argue that the ALJ's decision contains any errors of fact or law. She argues only that the decision is not supported by substantial evidence when her new evidence–the additional Holistic Pain Management records and the CED Mental Health Center records–is taken into account.

"[W]hen a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Here, the additional medical records from Holistic Pain Management do not render the ALJ's denial of benefits erroneous. The court first observes that, although the Appeals Council considered all of the additional Holistic Pain Management records submitted by Stone, only one of those records–the record dated October 22, 2012 (R. 405-06)–was dated before the date of the ALJ's decision. All of the other records concern treatment Stone received at Holistic Pain Management after the ALJ issued his decision. (R. 407-34). Those records do not relate to the relevant period on or before the date of the ALJ's decision and are not chronologically relevant. The Appeals Council was not required to consider them. *See Norton*, 607 F. App'x at 918 ("[A]lthough Norton submitted several pieces of new evidence [to the Appeals Council], the Appeals Council was only required to consider those that related to the period on or before the August 2011 ALJ hearing decision. ... Accordingly, although the

15

Appeals Council did not acknowledge this fact, the urology records from 2012 were not properly a part of the administrative record." (citation omitted)).

Even if all of the additional records from Holistic Pain Management were chronologically relevant, they still would not render the ALJ's denial of benefits erroneous.  The records are cumulative of and consistent with voluminous Holistic Pain Management records already in the record before the ALJ.  (R. 266-329, 347-59, 382-401).  Those records cover the period from August 21, 2008, through September 24, 2012, just days before Stone's hearing.  The ALJ thoroughly discussed the Holistic Pain Management records (the records of Dr. Danny Salisbury) in his written decision.  (R. 24-25).  The ALJ noted that Stone was receiving treatment from Dr. Salisbury for her reported back pain.  (R. 24).  The ALJ observed that from May of 2009 through March of 2011, Stone reported that the medications prescribed by Dr. Salisbury (Lyrica and Oxycotin) were "doing OK," "working good," "doing great," or "working well."  (*Id.*)  He also noted that during this same period of time, Stone reported that her pain level was three to four out of ten in intensity.  (*Id.*)  The ALJ further noted that Stone continued to see Dr. Salisbury in 2012 and that Dr. Salisbury diagnosed her condition as "lumbar radiculopathy with no disc herniation and anxiety and depression secondary to pain."  (R. 25).  The ALJ observed that Stone continued to report a

16

pain level of three to four out of ten and that Dr. Salisbury did not make any changes in Stone's treatment or medication regimen in 2012. (*Id.*)

The additional Holistic Pain Management records Stone submitted to the Appeals Council are more of the same.  The only chronologically relevant record, dated October 22, 2012, reflects that Stone reported a pain level of five out of ten that day (a slight increase from her prior reports), but Dr. Salisbury assessed her condition as the "same" and did not change her medication.  (R. 405-06).  The other records–from November 2012 through September 2013–reflect that Stone continued to report that her medications were "working good," "fine," and "working well."[9]  (R. 405-34).  In August of 2013 she reported a pain level of six out of ten (R. 430), but otherwise she reported moderate pain levels of four to five, including a pain level of four in September of 2013.  (R. 432).  Significantly, Dr. Salisbury never changed his assessment of Stone's condition, continuing to assess her condition as the "same" at each visit.  (R. 405-34).  In short, there is nothing in the additional Holistic Pain Management records that would create a "reasonable possibility" of changing the ALJ's decision that Stone retained sufficient RFC to perform light work (subject to certain postural and environmental limitations) and

---

[9]On June 6, 2013, Stone reported that she had suffered a seizure four days earlier, but there is no corresponding medical evidence corroborating her report. (R. 423).

17

was not disabled.  *Hyde*, 823 F.2d at 459; *see Norton*, 607 F. App'x at 918
(affirming the district court's denial of the claimant's motion to remand where "it
did not appear probable that the [claimant's] new evidence would have produced a
different result").

As noted above, Stone's other new evidence–the CED Mental Health
records–is not in the record.  Even if the court were to accept Stone's summary of
the CED records as evidence of some sort, the court is satisfied that the records
would not render the ALJ's denial of benefits erroneous.  Consistent with the
Appeals Council's statement that the CED records were "about a later time" after
the date of the ALJ's decision, Stone's summary reflects that the records are dated
from December 2012 through June 2013, after the ALJ issued his decision on
October 26, 2012.  (Doc. 12 at 9-10).  Although the summary reflects that Stone
was diagnosed with "Major Depressive Disorder, Recurrent" and "Seizures" in
December 2012 and January 2013, there is no indication that the diagnoses were
based on anything other than Stone's subjective complaints at that time.  There is
no indication that the CED provider who made the diagnoses (whoever that may
have been) had any ongoing relationship with Stone or had any familiarity with
her condition prior to December 2012.   In other words, the records (as
summarized by Stone) are not chronologically relevant; they reflect nothing more

than the provider's assessment of Stone's condition as of December 2012 and thereafter. In this regard, the court notes that although the summary indicates that Stone's depression was classified as "recurrent," the classification of the depression as "recurrent" is insufficient to show chronological relevance to the period on or before the date of the ALJ's decision. *See Recia v. Soc. Sec. Admin., Comm'r*, 594 F. App'x 592, 594 (11th Cir. 2015) (an evaluation finding that a claimant suffered from "[r]ecurrent" depression was not enough to show the evaluation's chronological relevance to the period before the date of the ALJ's decision, where the evaluation was performed nearly three months after the date of the decision). Moreover, even assuming that the CED records reflect a worsening in Stone's depression (which the ALJ determined was a non-severe condition), that still would no make them chronologically relevant. *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) ("An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition.").

The court also notes that Stone's summary of the CED records provides no clue as to the qualifications of the CED provider who evaluated Stone. Specifically, there is no indication as to whether the provider was an "acceptable

medical source." *See* 20 C.F.R. § 404.1513(a) (identifying "acceptable medical sources" as including licensed physicians and licensed or certified psychologists, among others).  Evidence from an acceptable medical source is needed to establish the existence of a medically determinable impairment.  *Id.*  Without any indication that the CED provider who evaluated Stone was an acceptable medical source, Stone's summary of the CED records does not provide a sufficient basis to conclude that the records would create a reasonable possibility of changing the ALJ's decision.

In sum, Stone has pointed to no errors in the ALJ's decision and has not even attempted to show that the decision is not supported by substantial evidence, which it is.  Her contention that the decision is no longer supported by substantial evidence once her additional evidence is considered is meritless.  The evidence she submitted to the Appeals Council–some of which is not in the record before the court, and nearly all of which is not chronologically relevant– did not render the ALJ's denial of benefits erroneous and did not provide a basis for changing the decision.

## VII.  CONCLUSION

The Commissioner determined that Stone was not disabled under the Social Security Act.  For the reasons set forth above, the undersigned concludes that the

Commissioner's decision is due to be **AFFIRMED**.

     **DONE,** this the 30th day of November, 2015.

 

**JOHN E. OTT**
Chief United States Magistrate Judge